UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SID TERRELL JONES,

    Petitioner,

v.

STEVE RIVARD,

    Respondent.
_____/

CASE NO. 2:12-cv-13864

JUDGE PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

## OPINION AND ORDER GRANTING MOTION TO HOLD HABEAS CORPUS PETITION IN ABEYANCE AND ADMINISTRATIVELY CLOSING CASE

### I. INTRODUCTION

This is a habeas case filed by a state prisoner under 28 U.S.C. § 2254. Michigan prisoner Sid Terrell Jones ("Petitioner") is incarcerated by the Michigan Department of Corrections, currently at the St. Louis Correctional Facility in St. Louis, Michigan, where he is serving a life sentence for first-degree murder. Petitioner's conviction occurred on July 1, 2009, following a jury trial in the Circuit Court in Kent County, Michigan. He was sentenced on August 4, 2009. Petitioner filed this habeas petition *pro se* on August 31, 2012, alleging that he is unconstitutionally incarcerated and raises claims concerning his rights under the Fifth Amendment, the prosecutor's conduct, the effectiveness of trial and appellate counsel, and the cumulative effect of the trial errors.

Pending before the Court is Petitioner's motion to hold his habeas petition in abeyance, filed along with his habeas petition. Pet'r's Mot. to Hold Habeas Pet. in Abeyance, ECF No. 2. According to Petitioner, on July 3, 2012, he filed a motion for relief from judgment with the Circuit Court in Kent County, raising additional claims concerning the effectiveness of his appellate counsel. The motion was signed and dated on June 29, 2012 and remains pending. Petitioner is requesting

a stay so that the trial court and the state appellate courts can rule on his additional ineffective-assistance-of-appellate-counsel claims. This Court has not yet ordered Respondent to file an answer to the petition.

For the reasons set forth, the Court grants Petitioner's request and stays his habeas-corpus proceedings.

## II.  BACKGROUND

Following his sentencing, Petitioner filed a direct appeal with the Michigan Court of Appeals. On July 14, 2011, the Court of Appeals affirmed his conviction and sentence. *People v. Jones*, No. 293773, 2011 WL 2739456, at *1, 8 (Mich. Ct. App. July 14, 2011). Petitioner's application for leave to appeal that decision, filed with the Michigan Supreme Court, was denied on November 21, 2011. *People v. Jones*, 490 Mich. 913, 805 N.W.2d 206 (2011) (Table).

As stated, on July 3, 2012, Petitioner filed a motion for relief from judgment with the state trial court, raising additional claims concerning the effectiveness of his appellate counsel. That motion remains pending.

## III.  DISCUSSION

A prisoner filing a petition for a writ of habeas corpus under section 2254 must first exhaust all state remedies. *See* 28 U.S.C. § 2254(b)(1). The exhaustion requirement is satisfied if a prisoner invokes one complete round of the state's established appellate review process, including a petition for discretionary review to a state supreme court. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). A prisoner 'fairly presents' his claim to the state courts by citing a provision of the Constitution, federal decisions using constitutional analysis, or state decisions employing constitutional analysis in similar fact patterns. *Franklin v. Rose*, 811 F.2d

322, 326 (6th Cir. 1987); *see also Prather v. Reese*, 822 F.2d 1418, 1420 (6th Cir. 1987) (holding that "[o]rdinarily, the state courts must have had the opportunity to pass on defendant's claims of constitutional violations") (citations omitted). A Michigan prisoner must present each ground to both Michigan appellate courts before seeking federal habeas-corpus relief. *See Mohn v. Bock*, 208 F. Supp. 2d 796, 800 (E.D. Mich. 2002). The petitioner bears the burden of showing that state-court remedies have been exhausted. *Rust*, 17 F.3d at 160.

The Michigan Court Rules provide a process through which Petitioner may raise his unexhausted claims. Petitioner may file a motion from relief from judgment in the state trial court pursuant to Michigan Court Rule 6.500 *et. seq.* Following the state-court's ruling on Petitioner's motion for relief from judgment, he may then appeal that decision to the state appellate courts as necessary. Therefore, Petitioner's unexhausted claims should first be addressed to, and considered by, the Michigan courts. Petitioner acknowledges that his state-court remedies concerning the additional claims involving the effectiveness of his appellate counsel have not been exhausted, because his motion for relief from judgment remains pending with the state trial court.

A prisoner who has not yet exhausted his or her state-court remedies may file a " 'protective' petition in federal court and ask[ ] the federal court to stay and abey the federal habeas proceedings until state remedies are exhausted." *Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005) (citing *Rhines v. Weber*, 544 U.S. 269, 278 (2005)). Where a petitioner has good cause for failing to exhaust, his unexhausted claims are potentially meritorious, and there is no indication of dilatory tactics, the district court should generally stay, rather than dismiss, a mixed petition. *Pace*, 544 U.S. at 417 (citing *Rhines*, 544 U.S. at 278). "A petitioner's reasonable confusion about whether a state filing

would be timely will ordinarily constitute 'good cause' for him to file in federal court." *Id.* at 416 (citing *Rhines*, 544 U.S. at 278). The Court construes Petitioner's habeas petition and motion as a mixed petition asking for a stay.

The Court finds that Petitioner has shown the need for a stay. He wishes to pursue several new claims involving his appellate counsel, which have not been exhausted in the state courts. Any claims regarding the ineffective assistance of appellate counsel may be potentially meritorious and therefore those claims should be addressed to, and considered by, the state courts in the first instance, so the state courts will have an opportunity to decide whether those claims have merit.

Petitioner filed the pending petition and motion to hold it in abeyance to avoid the consequences of the one-year statute of limitations applicable to federal habeas petitions under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). The Court recognizes that the one-year limitations period applicable to this habeas action may pose a problem for Petitioner if the Court were to dismiss the Petition to allow for further exhaustion of state remedies. *See* 28 U.S.C. § 2244(d)(1); *Jimenez v. Quarterman*, 555 U.S. 113, 114 (2009); *see also Rhines*, 544 U.S. at 278 (same). Thus, the Court will hold the petition in abeyance and stay the proceedings pending the exhaustion of Petitioner's state-court remedies as to his additional, unexhausted claims concerning the effectiveness of appellate counsel.

The Supreme Court in *Rhines* cautioned, however, that a district court's discretion in structuring the stay is limited by the timeliness concerns in the AEDPA. The *Rhines* Court also stated that a petition should not be stayed indefinitely, and the stay should be conditioned on the pursuit of state remedies within a certain time period after the stay is entered, with the prisoner returning to federal court within a similarly brief period. *Id.* at 277-78.

The conditions of the stay are outlined as follows.

Since Petitioner has already filed his motion for post-conviction relief with the appropriate state court, the Court orders that he must return to this Court within sixty days of exhausting his state-court remedies. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002) (approving similar conditions on stay). If the conditions of the stay are not met, "the stay may later be vacated *nunc pro tunc* as of the date the stay was entered, and the petition may be dismissed." *Id.* at 781.

## IV. CONCLUSION

Accordingly, the Court GRANTS Petitioner's motion to hold the habeas petition in abeyance. Pet'r's Mot. to Hold Habeas Pet. in Abeyance, ECF No. 2. These proceedings are STAYED. Since Petitioner has already presented his unexhausted claims to the state courts, the stay is conditioned on his return to this Court with a motion to reopen and amend his petition, using the same caption and case number, within sixty days of fully exhausting his state-court remedies. Should Petitioner fail to comply with these conditions, his case may be dismissed.

To avoid administrative difficulties, the Court orders the Clerk of Court to close this case for statistical purposes only. Nothing in this order or in the related docket entry shall be considered a dismissal or disposition of this matter.

IT IS SO ORDERED.

/s/ Paul Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

DATED: 9-24-12